# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| RHONDA R. RENARD,<br><br>      Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>      Defendant. | No. C05-1045<br><br>**ORDER** |

This matter comes before the court pursuant to defendant's February 21, 2006 motion to reverse and remand and for entry of final judgment (docket number 14). The defendant contends, and the plaintiff does not dispute, that remand is necessary to ensure that the Commissioner properly reviews plaintiff's claim. Defendant's motion to remand is granted.

Specifically, the defendant pointed to several deficiencies in the ALJ's decision. The deficiencies include the ALJ's statement that a Global Assessment of Functioning (GAF) score of 50 indicated moderate symptoms, whereas the <u>Diagnostic and Statistical Manual - Text Revision</u> (DMS-IV-TR) 34 (2000) provides that a GAF score of 41-50 indicates serious symptoms. Upon reevaluation, the ALJ shall reevaluate all of plaintiff's impairments, including her diagnoses of obesity, obstructive sleep apnea, chronic pain disorder, personality disorder, and rule out adjustment disorder with depressed mood. The ALJ shall utilize the psychiatric review technique, as required by 20 C.F.R. §§ 404.1520a and 416.920a, and shall consider the report of Dr. Patricia Westmoreland, M.D., as part of the review. The ALJ shall also be mindful of the following legal standards when reevaluating plaintiff's claim: (1) a treating doctor's silence on the plaintiff's work capacity does not constitute substantial evidence supporting a RFC when the doctor was not asked

to express an opinion on the matter; and (2) a record containing no physician opinion of disability detracts from a claimant's subjective complaints. The ALJ shall then reevaluate the credibility of both the plaintiff and her mother in accordance with these standards. Contrary to the ALJ's statement, lay testimony should not be discredited because it is not based on "objective medical criteria." The ALJ shall also consider that the plaintiff has been diagnosed with diabetic neuropathy and that there is evidence in the record indicating the plaintiff had difficulty controlling her diabetes. The ALJ previously found that it was inconclusive whether plaintiff had diabetic neuropathy and that plaintiff's diabetes was controlled.

"Section 405(g), which governs judicial review of final decisions made by the Commissioner, authorizes only two types of remand orders: (1) those made pursuant to sentence four, and (2) those made pursuant to sentence six." Buckner v. Apfel, 213 F.3d 1006, 1010 (8th Cir. 2000) (citing Melkonyan v. Sullivan, 501 U.S. 89, 98-99 (1991)). A sentence four remand is proper whenever the district court makes a substantive ruling concerning the "correctness of a decision of the Commissioner and remands the case in accordance with such a ruling." Buckner, 213 F.3d at 1010 (citing Melkonyan, 501 U.S. at 98). Sentence six "authorizes a remand in only two limited situations: (1) where the Commissioner requests a remand before answering the complaint of a claimant seeking reversal of an administrative ruling, or (2) where new and material evidence is adduced that was for good cause not presented during the administrative proceedings." Id. (citing 42 U.S.C. § 405(g); Shalala v. Schaefer, 509 U.S. 292, 297 (1993); Woolf v. Shalala, 3 F.3d 1210, 1215 (8th Cir. 1993)). A sentence four remand, as opposed to a sentence six remand, rules on the correctness of the administrative proceeding. Id. (citing Melkonyan, 501 U.S. at 98). The court finds that a sentence four remand is applicable in this case.

The ALJ shall make a new step three finding and reassess plaintiff's RFC, providing a narrative discussion describing how the evidence supports each conclusion regarding the

RFC. The ALJ shall then make a new step four and/or step five decision, obtaining additional vocational expert testimony, if needed.

Upon the foregoing,

IT IS ORDERED

Defendant's motion for remand is granted. The Clerk of Court shall enter judgment pursuant to Fed. R. Civ. P. 58(a)(1), reversing and remanding this matter to the Commissioner for further consideration, consistent with this order, pursuant to 42 U.S.C. §405(g), sentence four.

February 28, 2006.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT